United States District Court
Southern District of Texas
**ENTERED**
September 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **v.** | § § | Criminal Case No. 2:22-mj-00939 |
| **MICHELLE IRENE HILTS,** | § | |

## ORDER

After she was arrested in the Southern District of Texas for the offense of transporting illegal aliens, Defendant Michelle Irene Hilts appeared before Magistrate Judge Mitchel Neurock for a detention hearing. Magistrate Judge Neurock ordered Hilts released on a $20,000 bond subject to several conditions of release, and then stayed his order pending appeal and resolution of the matter in the district court. (Dkt. No. 11). The United States filed an appeal of the Magistrate Judge's order of release, requesting that this Court revoke the release order and detain Hilts pending trial. (Dkt. No. 12).

## I. LEGAL STANDARD

Under 18 U.S.C. § 3145(a)(1), when a defendant is ordered released by a magistrate judge, the Government may file with the district court a motion for revocation of the release order. The district court reviews a motion to revoke a detention order de novo and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben¸* 974 F.2d 580, 585 (5th Cir. 1992). Accordingly, the Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record

before the magistrate and the additional evidence adduced before it." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A judicial officer may order a defendant detained pending trial upon a finding that the Government has shown by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (2); *see also Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.").

Section 3142(g) provides that a court shall consider the following factors in determining whether a person poses a flight risk or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *see also United States v. Acosta-Leyva,* 751 F.App'x 594, 595 (5th Cir. 2019) (per curiam).

In some cases, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion," which remains with the Government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *Fortna,* 769 F.2d at 251; *see also Hare*, 873 F.2d at 798–99. If the defendant does not present evidence sufficient to rebut the presumption, the Court must still review Section 3142(g)'s factors. *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the language of Section 3142(g) "*mandates* district court review of certain factors." (emphasis added)). As the Fifth Circuit has explained, the statute thus creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Hare*, 873 F.2d at 799.

## II. APPLICATION TO THIS CASE

The Government has filed a Motion for Review and Revocation of Order of Release Pursuant to Title 18, United States Code, Section 3145(a)(1). (Dkt. No. 12). The Court held a hearing on September 7, 2022. Having considered the testimony presented at the hearing, the information contained in the Pretrial Services Report, the arguments of counsel, the record, and the applicable law, the Court finds that Defendant rebutted the presumption that no condition or combination of conditions will reasonably assure her

3

appearance and the safety of the community. Additionally, the Court finds that the conditions set forth by the Magistrate Judge at the Preliminary Examination and Detention Hearing on August 23, 2022, if satisfied, will reasonably assure the appearance of Defendant as required and the safety of the community. Accordingly, the Motion for Review and Revocation of Order of Release is **DENIED**. (Dkt. No. 12). The Court **ADOPTS** the original bond conditions as set forth by the Magistrate Judge at Defendant's Preliminary Examination and Detention Hearing.

    It is SO ORDERED.

    Signed on September 8, 2022.

                                                      **DREW B. TIPTON**
                                       **UNITED STATES DISTRICT JUDGE**